UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

NO. 05CR241-02-JD

V.

SAM RACH CHAN

SENTENCING MEMORANDUM

The defendant, Sam Rach Chan, through counsel, Richard Monteith, files this sentencing memorandum requesting deviation from the sentencing guidelines, in support of a sentence of a 63 month term of imprisonment in the Bureau of Prisons, a deviation of 7 months from the calculation made by the United States Probation Officer of total offense level of twenty-five and a criminal history category of III, guideline advisory range fro imprisonment of seventy to eight-seven months.

**I.   Introduction**

1. On May 9, 2006, the defendant, Sam Rach Chan, pled guilty to conspiracy to distribute cocaine in excess of five kilograms and marijuana violation of 21 U.S.C. Section 84l (a)(1).  A sentencing hearing is currently scheduled for Monday, August 7, 2006.

2. Mr. Chan and the government have entered into a binding plea agreement, pursuant to Fed.R.Cr.P.11( c)(1)( c), wherein the parties have stipulated that the drug weight attributable to Mr. Chan is 2.3 to 3 kilograms of cocaine, yielding a base offense level of twenty-eight.

**II.   The defendant's criminal history category overstates the seriousness of his criminal record.**

3. Mr. Chan's CHC of III over represents the seriousness of his criminal record.  *See*

        U.S.S.G. Section 4A.13(b).  Mr. Chan has 4 entries on his criminal history, PSR paragraphs 10-11.  The offenses listed are fairly minor in nature.  For example, half of Mr. Chan's listed prior convictions involve motor vehicle violations, two DUI convictions.

4. While Mr. Chan has two prior assault convictions, one in 2001 and one in 2002, these were apparently minor in nature, as he received no incarceration for either of the two assaults.

5. Finally, it should be noted that Mr. Chan has no prior convictions involving firearms, drug sales, or felonious conduct.

6. As in the instant case, Courts have held that a series of minor offenses can result in overstating a defendant's criminal history.  U.S. v. Sommers, 893 F.2d 63 (45h Cir. 1990) (driving without a license).  This is distinct from the instance where a horizontal departure was reversed where the defendant's prior crimes were serious and continued up to the date of the instant offense.  See, U.S. v. Madison, 990 F.2d 178 (5th Cir. 1993).

7. Here, an horizontal departure is warranted to Criminal History Category II as a designation of Criminal History Category III significantly over represents the seriousness of Mr. Chan's prior criminal history because of the minor nature of those crimes, the fact that Mr. Chan served only 72 hours incarcerated, Mr. Chan's young age at the time the priors were committed, and the dissimilar nature of the prior offense to the instant offense.

8. No supporting memorandum accompanies this motion because the authorities are contained herein.

**III**.    **Request for Relief**

      Wherefore, the defendant, Sam Rach Chan, through counsel, respectfully requests that this Honorable Court sentence him to a 63 month term of incarceration, total offense level of twenty-five criminal history category of II.  A variance of seven months from the presentence report.

                                    Respectfully submitted,
                                    Sam Rach Chan,
                                    By his Attorney,

Date: August 2, 2006                  /S/ Richard Monteith
                                    Richard Monteith
                                    14 Londonderry Road
                                    Londonderry, NH 03053
                                    (603)437-2733
                                    No. 9352

CERTIFICATE OF SERVICE

I, Richard Monteith, herein certify that on this 2nd day of August, 2006, a copy of the within was e filed to United States Attorney Mark Howard and mailed, postage prepaid, to Melissa Elworthy, United States Probation Officer.

                                    /S/ Richard Monteith
                                    Richard Monteith